**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN LOUIS LOWERY, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants. | ) Case No. CV 20-3373-ODW (JPR) <br> ) <br> ) <br> ) ORDER DISMISSING ACTION FOR <br> ) FAILURE TO PROSECUTE AND DENYING <br> ) DEFENDANT'S MOTION TO DISMISS AS <br> ) MOOT <br> ) <br> ) |

On April 10, 2020, Defendant City of Los Angeles removed this civil-rights action to this Court and a week later moved to dismiss it, arguing that Plaintiff had failed to state a claim. On April 17, the previously assigned Magistrate Judge set a briefing schedule on the motion, warning Plaintiff that if he failed to oppose it it could be granted on that basis alone. Plaintiff's opposition to the motion was due May 17. He did not file one or request an extension of time to do so. On May 14, mail the Court had sent Plaintiff at his address of record was returned as undeliverable, with the notation "Return to Sender." He has not filed a change of address, nor has he communicated with the Court in any way since his lawsuit was removed here.

1

Local Rule 41-6 provides that

> [a] party proceeding pro se shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, by failing to inform the Court of his address change, Plaintiff has rendered it unable to communicate with him. He has not rebutted the presumption of prejudice to Defendants, and no less drastic sanction is available. This is particularly so given that this is not the first time Plaintiff has failed to keep the Court updated on an address change. <u>See</u> Order Dismissing Action, <u>Lowery v. City of L.A.</u>, No. CV 18-9644-R (JPR) (C.D. Cal. May 10, 2019) (dismissing lawsuit for failure to prosecute based on plaintiff's failure to file change of address), ECF No. 17; Order Dismissing Action, <u>Lowery v. City of Beverly Hills</u>, No. 20-2654-ODW (JPR) (C.D. Cal. Apr. 30, 2020), ECF No. 13 (same); <u>see also</u> <u>Scott v. Belmares</u>, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth <u>Carey</u> factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. Indeed, because of Plaintiff's repeated filing of lawsuits that he does not prosecute, dismissal should be with prejudice.

It therefore is ORDERED that this action is dismissed with prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because Plaintiff has failed to prosecute it.  Defendants' motion to dismiss is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 26, 2020

_____
OTIS D. WRIGHT II
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge